Argued July 26, affirmed August 17, 1977

STATE OF OREGON, *Respondent,*
*v.*
DOROTHY JANE SMITH, *Appellant.*
(No. T 76-6530, CA 8061)

567 P2d 579

F. Leo Smith, Portland, argued the cause for appellant. With him on the briefs was Dorothy Jane Smith, Portland, pro per.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

[ 475 ]

## SCHWAB, C. J.

Defendant was cited for a traffic infraction, violation of ORS 487.180 which provides:

"(1) A driver commits the offense of failure to yield to an overtaking vehicle if he fails to move his vehicle off the main traveled portion of the highway into an area sufficient for safe turnout when:

"(a) The driver of the overtaken vehicle is proceeding at a speed less than a designated speed under ORS 487.470;

"(b) The driver of the overtaking vehicle is proceeding at a speed in conformity with ORS 487.470;

"(c) The highway is a two directional two-lane highway; and

"(d) There is no clear lane for passing available to the driver of the overtaking vehicle.

"(2) Failure of slower driver to yield to overtaking vehicle by use of safe turnout is a Class C traffic infraction."

The district court, sitting without a jury, found defendant guilty of the infraction.[1] Defendant's principal contention on appeal is that the trial court's finding is not supported by the evidence.

The state has the burden of proving a traffic infraction by a preponderance of the evidence. ORS 484.375(2). On appeal we review de novo on the record. ORS 46.340(4).[2] The fact remains that when a decision turns on a factual issue which must be resolved *solely* by determining which of two witnesses giving conflict-

---

[1] "The trial of any traffic infraction shall be by the court without a jury * * *." ORS 484.375(1).

[2] "The appeal shall be heard and determined by the Court of Appeals on the record. Upon an appeal from a judgment in a case in which the right to jury trial is provided by Oregon law, the judgment shall be reviewed only as to questions of law appearing upon the record and shall be reversed or modified only for error substantially affecting the rights of the parties. Upon an appeal from a judgment in a case in which no right to jury trial is provided by Oregon Law, the action shall be tried anew upon the record. Upon an appeal from a decree, the suit shall be tried anew upon the record." ORS 46.340(4).

ing testimony is more credible we resolve the issue in most if not all instances in accordance with the conclusion reached by the judge who saw and heard the witnesses. *State ex rel Juv. Dept. v. H.,* 28 Or App 75, 558 P2d 856, Sup Ct *review denied* (1977). This case is a classic example of such a situation.

The defendant, her husband and a police officer testified. The defendant and her husband testified that she had not held up any traffic and that there was no safe place to pull over to let cars proceeding at a speed of approximately 55 miles per hour pass her. She further testified that due to the fact that it was dark and that there were curves and hills the speed at which she was traveling was reasonable. The police officer testified that he observed at least eight cars lined up behind hers, that there were a number of areas in which she could have made a safe turnout and that a speed faster than the defendant was traveling was not unreasonable under the circumstances. Obviously the trial court believed the police officer's version of the event.

The remaining assignments of error do not warrant discussion.

Affirmed.